UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA M., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-cv-00105-MJD-JMS ) |
| NANCY A. BERRYHILL, | ) ) |
| Defendant. | ) ) |

**ORDER ON JOINT MOTION FOR ATTORNEY FEES [DKT. 16]**

On November 1, 2018, the parties filed their *Joint Motion for Plaintiff's Attorney Fees Under the Equal Access to Justice Act*, seeking an attorney fee award to Plaintiff of $2,619.14 in fees. [Dkt. 16] On November 21, 2018, the Court issued an *Order to Show Cause* [Dkt. 17], allowing Plaintiff to provide appropriate documentation in support of the fee petition. Plaintiff filed his supplemental *Joint Motion for Plaintiff's Attorney Fees Under the Equal Access to Justice Act*, [Dkt. 18] on November 29, 2018. For the following reasons, the motion is **GRANTED**.

### I. Background

Plaintiff filed his Complaint with this Court on March 8, 2018. [Dkt. 1.] On August 24, 2018, the parties filed a joint motion to remand the case [Dkt. 13], which the Court granted. [Dkt. 14.] Final judgment was entered on August 28, 2018. [Dkt. 15.]

### II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed

1

in a motion for EAJA fees, the movant must, "within thirty days of final judgment in the action," file an application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether the fee petition was timely filed. Section 2412(d)(1)(B) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Court entered final judgment on August 28, 2018. [Dkt. 27.] The November 1, 2018 fee motion was filed well within 90 days of the entry of judgment and was therefore timely filed.

Plaintiff asserts he meets the "prevailing party" requirement of the EAJA pursuant to the standard set forth by the U.S. Supreme Court in *Shalala v. Schaefer*. In *Shalala*, the Supreme Court confirmed that a Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under section 2412(d)(1)(B) of the EAJA. 509 U.S. 292, 300 (1993). Because the Court in this matter remanded Plaintiff's case to an administrative law judge for such further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next, the Court considers whether the Deputy Commissioner's position was "not substantially justified." *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In this matter, the Deputy Commissioner agreed to remand thereby electing not to carry her burden of proving that her position was substantially justified. Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Deputy Commissioner's position in this matter was not substantially justified.

Finally, the Court considers if the fees requested are reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Here, Plaintiff submitted his attorney's statement, an itemized statement of the time expended on the case, and the hourly rate requested, [Dkt. 18; Dkt. 18-1; Dkt. 18-2.] The itemized statement tracks the hours worked by Thomas C. Newlin, the Plaintiff's attorney on this matter. [Dkt. 18-2.] Additionally, Plaintiff makes a representation of the reasonable rate of computation, as required by the EAJA. [Dkt. 18-1.] Thus, Plaintiff has met the threshold requirement of presenting the Court with both the hours expended by his attorneys on the matter and the rate used to compute the total fees sought.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125 an hour, the statutory language permits the Court to allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In

3

order to prove that such an increase is justified, the Seventh Circuit recently held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428–29.

Plaintiff failed to articulate an argument regarding calculation of the prevailing hourly rate during the relevant time period. However, the Court takes notice of its prior order in which it determined that Consumer Price Index data demonstrates that the prevailing hourly rate for attorney time during 2018 was $185.[1] *Allen v. Berryhill*, No. 1:17-cv-2646-MJD-TWP at Dkts. 31 at 5. The Court finds that an hourly rate of $185 is consistent with the inflation-adjusted rate, the depth of counsel's experience, and the prevailing market rate in the community by lawyers of comparable skills and experience. In addition, this hourly rate is consistent with the rate approved in other similar disability cases in this district. *See, e.g.*, *Neal v. Colvin*, No. 1:12-cv-885-WTL-TAB at Dkts. 25 and 27; *see also Bledsoe v. Colvin*, 1:14-cv-00011-SEB-MJD at Dkt. 26. Plaintiff has presented sufficient proof that an hourly rate of $185 is reasonable.

Next, the Court must decide whether the number of hours reportedly worked by counsel appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with

---

[1] *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (taking judicial notice of "facts readily ascertainable from the public court record and not subject to reasonable dispute").

the legal bill. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Counsel reported 16.75 hours of attorney time expended on this case. [Dkt. 18-2.] The Court has reviewed the itemized time records and finds counsel employed proper "billing judgment" with regard to his work on this matter and the number of hours worked appears reasonable.

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" on behalf of Plaintiff or his counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds under 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

Based on the foregoing, the parties' *Joint Motion for Plaintiff's Attorney Fees Under the Equal Access to Justice Act* [Dkt. 16] is **GRANTED**. Plaintiff is entitled to the agreed reasonable attorney fees in the amount of Two Thousand Six Hundred Nineteen Dollars and Fourteen Cents ($2,619.14). The fee award is payable to Plaintiff and subject to a government offset to satisfy any pre-existing debt Plaintiff owes to the government.

SO ORDERED.

Dated: 5 DEC 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.